UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIZ MARTINEZ DIAZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:06-CR-298 AWI<br>(1:12-CV-207 AWI)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

Petitioner Luis Martinez Diaz challenges his sentence and conviction through this motion to set aside or vacate under 28 U.S.C. § 2255. On February 8, 2007, Petitioner entered into a plea agreement in which he agreed to plead guilty to conspiracy to distribute, and to possess with intent to distribute, methamphetamine in violation of 18 U.S.C. §§ 841(b)(1)(B) and 846. See Crim. Doc. No. 27. As part of the plea agreement, the United States agreed to dismiss two other counts and to recommend a three level departure for acceptance of responsibility. See id. Also as part of the agreement, Petitioner agreed to waive his right to appeal and to file motions under 28 U.S.C. §§ 2241 and 2255. See id.

On April 23, 2007, the Court imposed a sentence of 97 months in custody and 48 months supervised released. See Crim. Doc. No. 30. The Court also dismissed the second and third counts of the indictment. See id. Judgment and commitment were entered on April 25, 2007. See Crim. Doc. No. 31. No notice of appeal was filed by Petitioner.

On February 10, 2012, petitioner filed this motion to set aside or correct.  In his motion, Petitioner contends that he should receive a downward departure in his sentence for acceptance of responsibility and that he is subject to removal from this country.  See Crim. Doc. No. 32.  Petitioner also contends that his plea was not voluntarily and knowingly made, and that his counsel was ineffective for numerous reasons.

Section 2255 contains a 1-year statute of limitations in which to file a petition to vacate, set aside, or correct.  28 U.S.C. § 2255(f); United States v. Buckles, 647 F.3d 883, 887 (9th Cir. 2011).  The 1-year limitation period runs from the latest of:  "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of [federal law] is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).  Generally, "[f]inality attaches when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  Buckles, 647 F.3d at 887.  However, when a federal prisoner fails to file a notice of appeal from his conviction, i.e. he fails to pursue the direct appeal process, the conviction becomes "final" upon the expiration of the 10-day period for filing a direct appeal.  United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008); see United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001); see also Fed. R. App. P. 4(b)(1)(A) (setting a 10-day time limit for filing a notice of appeal in a criminal case).  However, even if the 1-year limitations period has run, a petitioner may be entitled to "equitable tolling."  Buckles, 647 F.3d at 887.  "A § 2255 movant is entitled to equitable tolling only if he shows:  (1) that he has been pursuing his rights  diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id.  Although § 2255(f)'s 1-year limitations period may be raised *sua sponte*, the court must give the petitioner notice and an opportunity to respond before dismissing the case.  See Herbst v. Cook, 260 F.3d 1039, 1043-44 (9th Cir. 2001).

Here, because the petition does not suggest a different starting point, it appears that § 2255(f)(1) sets the date that Petitioner's 1-year limitations period began to run. Because Petitioner did not file a direct appeal, his conviction became final on May 3, 2007, which is ten days after entry of judgment. See Fed. R. App. P. 4(b)(1)(A); Plascencia, 537 F.3d at 388; Schwartz, 274 F.3d at 1223. Under § 2255(f)(1), Plaintiff had until May 3, 2008, in which to file this petition. However, this petition was not filed until February 10, 2012. Thus, on its face the petition appears to be untimely by nearly four years.

In accordance with *Herbst*, the Court will give Petitioner the opportunity to show that this petition is timely. In order to avoid dismissal, Petitioner must demonstrate either compliance with § 2255(f)'s 1-year limitations period or that he is entitled to equitable tolling.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner is to show cause in writing why his § 2255 petition should not be dismissed as barred under the one-year limitations period of § 2255(f). Petitioner shall show cause in writing within thirty (30) days of service of this order. Petitioner's response shall be entitled "Response to Order to Show Cause," and shall set forth specific facts regarding compliance with § 2255(f) or the applicability of equitable tolling to this case. If Petitioner does not respond timely to this order, the petition will be dismissed as time barred, and the case will be closed without further notice.

IT IS SO ORDERED.

Dated:   April 1, 2014                                   _____
                                                                          SENIOR DISTRICT JUDGE